**BRYAN T. DAKE**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone:     406-657-6101
Fax:         406-657-6058
Email:     Bryan.Dake@usdoj.gov

**JEREMY MICHAEL P. GOLDSTEIN**
Trial Attorney
United States Department of Justice
Antitrust Division
450 Golden Gate Avenue, Room 10-0101
San Francisco, CA 94102
Phone:     415-229-2934
Fax:         415-934-5399
Email:     Jeremy.Goldstein@usdoj.gov

**ATTORNEYS FOR PLAINTIFF**
**UNITED STATES OF AMERICA**

FILED
SEP 1 9 2022
Clerk, U S District Court
District Of Montana
Billings

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 22-113-BLG-SPW |
|---|---|
| Plaintiff, | |
| vs. | PLEA AGREEMENT (Rule 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*) |
| NATHAN NEPHI ZITO, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Bryan T. Dake, Assistant United States Attorney for the District of Montana, and Jeremy M. P. Goldstein, Trial Attorney, United States Department of Justice, Antitrust Division; the defendant, Nathan Nephi Zito; and the defendant's attorney, Peter Lacny, have agreed upon the following:

1. **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana, the United States Department of Justice, Antitrust Division, and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2. **Charge:** The defendant agrees to plead guilty to the sole count contained in the information, charging attempted monopolization, in violation of 15 U.S.C. § 2. This count carries a maximum term of imprisonment of ten years, a $1,000,000 fine, up to three years of supervised release following the term of imprisonment, and a $100 special assessment.

3. **Nature of the Agreement:** The parties agree that this plea agreement will be governed by: Rule 11(c)(1)(A) and (B), Federal Rules of Criminal Procedure. The defendant acknowledges that the agreement will be fulfilled provided: a) the United States does not bring additional charges against the defendant relating to the same conduct; and b) makes the recommendations

provided below. The defendant understands that if the agreement is accepted by the Court, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

*Agreement as to fine*: The defendant agrees to a specific fine amount of $27,000. The defendant understands that this fine will be imposed at the time of sentencing.

4.  **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the charge contained in the information and admits to the facts contained therein.

In pleading guilty to the sole count in the information, the defendant also acknowledges that:

First, the defendant engaged in anticompetitive conduct;

Second, the defendant acted with a specific intent to gain monopoly power in the markets for highway crack-sealing services in Montana and Wyoming;

Third, the defendant took actions that were a substantial step toward committing the crime of monopolization and that strongly corroborated the defendant's intent to commit that crime;

Fourth, there was a dangerous probability that, had the defendant's conduct succeeded, the defendant's company would have gained monopoly power in the markets for highway crack-sealing services in Montana and Wyoming; and

Fifth, that the defendant's conduct occurred in and affected interstate commerce.

5. **Waiver of Rights by Plea:**

(a) The defendant is entitled to have the charges outlined in paragraph 2, above, prosecuted by an indictment returned by a concurrence of 12 or more members of a legally constituted grand jury, consisting of not less than 16 and not more than 23 members.

(b) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

(c) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(d) The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(e) The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(f) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would

have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(h) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(i) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(j) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(k) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(l) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

6. **Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any

way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines. The parties reserve the right to make any other arguments at the time of sentencing beyond those outlined in this agreement.

7. **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable. The parties further agree that the sections of the U.S. Sentencing Guidelines applicable to the defendant's conduct are USSG §2R1.1, based on the application of USSG §§2X5.1, and 2X1.1 and that the relevant volume of commerce amount for calculating a sentence under USSG §2R1.1 is $2,700,000.

8. **Waiver of Appeal of the Conviction and Sentence – General:** The defendant understands that the law provides a right to appeal and collaterally attack the conviction and sentence imposed in this case. 18 U.S.C. § 3742(a); 28 U.S.C. §§ 2241, 2255. Based on the concessions made by the United States, the defendant knowingly waives any right to appeal or collaterally attack any aspect of the conviction and sentence, including conditions of probation or supervised release. This waiver includes challenges to the constitutionality of any statute of conviction and arguments that the admitted conduct does not fall within any statute of

conviction. This waiver does not prohibit the right to pursue a collateral challenge alleging ineffective assistance of counsel.

9. **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that this agreement is freely and voluntarily endorsed by the parties.

10. **Detention/Release After Plea:** The United States agrees that it will not move for detention, but will defer to the discretion of the Court the decision as to whether the defendant meets the conditions of 18 U.S.C. § 3143(a)(1) or (2), and whether the defendant has clearly shown exceptional reasons why detention is not appropriate. 18 U.S.C. § 3145(c). The United States is obligated to advise the Court of the appropriate legal standards that relate to the defendant's eligibility for post-conviction release. The defendant acknowledges that obligation and understands that advising the Court as to the law and facts is not an abrogation of its agreement not to request remand.

11. **Disclosure of Financial Information:** The defendant authorizes the U.S. Probation Office to release to the Financial Litigation Unit of the U.S. Attorney's Office all documents and financial information provided by the defendant to the U.S. Probation Office and any information obtained by the U.S. Probation Office about the defendant through its investigation. The defendant

further agrees to fully complete a financial statement in the form prescribed by the U.S. Attorney's Office, provide financial documents as requested, and submit to a debtor's exam if deemed appropriate by the U.S. Attorney's Office, in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant consents to being immediately placed on the Treasury Offset Program to help meet the defendant's obligation to pay restitution and/or a fine.

12. **Breach:** If the defendant breaches this plea agreement, at any time, in any way, including but not limited to appealing or collaterally attacking the conviction or sentence, the United States may prosecute the defendant for any counts dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by the defendant pursuant to this plea agreement in any such prosecution.

13. **Debarment:** The defendant understands that he may be subject to suspension or debarment action by state or federal agencies other than the United States Department of Justice based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls what action, if any, other agencies may take. However, the United States Attorney's Office and the United States Department of Justice, Antitrust Division, agree that, if requested, it will advise the appropriate officials of any governmental agency considering such action of the fact, manner, and extent of the defendant's role in the charged

conduct as a matter for that agency to consider before determining what action, if any, to take. The defendant nevertheless affirms that he wants to plead guilty regardless of any suspension or debarment consequences of his plea.

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

///

| AUSA | DEF | ATTY | Date |
|------|-----|------|------|
| [sig] | NŻ | e~ | 8/31/22 |

14. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition which is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

JESSE A. LASLOVICH
United States Attorney

(for) BRYAN T. DAKE
Assistant U. S. Attorney
Date: 9/19/22

U.S. Department of Justice,
Antitrust Division

JEREMY M. P. GOLDSTEIN
Trial Attorney
Date: 9/19/2022

NATHAN NEPHI ZITO
Defendant
Date: 8/31/22

PETER LACNY
Defense Counsel
Date: 9-19-2022