
**BRYAN T. DAKE**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin Courthouse
2601 Second Avenue North, Suite 3200
Billings, MT 59101
Phone:     406-657-6101
Fax:       406-657-6058
Email:     Bryan.Dake@usdoj.gov

**JEREMY M. P. GOLDSTEIN**
Trial Attorney
United States Department of Justice
Antitrust Division
450 Golden Gate Avenue, Room 10-0101
San Francisco, CA 94102
Phone:     415-229-2934
Fax:       415-934-5399
Email:     Jeremy.Goldstein@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NATHAN NEPHI ZITO,<br><br>Defendant. | CR 22-113-BLG-SPW<br><br><br><br>OFFER OF PROOF |
|---|---|

1

## THE CHARGE

The defendant, Nathan Nephi Zito, is charged in the Information with Attempted Monopolization, in violation of 15 U.S.C. § 2 (Count 1).

## MOTION TO CHANGE PLEA

Zito has filed a motion to change his plea and enter a guilty plea to the sole charge against him contained in the Information. The motion for change of plea represents, in the government's view, the most favorable disposition of the case against the defendant. *See, e.g., Missouri v. Frye*, 566 U.S. 134 (2012).

## ELEMENTS

In order for the defendant to be found guilty of the charge contained in the Information, the government must prove each of the following elements beyond a reasonable doubt:

*Count 1 – Attempted Monopolization:*

1. The defendant engaged in anticompetitive conduct;

2. The defendant acted with a specific intent to gain monopoly power in the markets for highway crack-sealing services in Montana and Wyoming;

3. The defendant took actions that were a substantial step toward committing the crime of monopolization and that strongly corroborated the defendant's intent to commit that crime;

4. There was a dangerous probability that, had the defendant's conduct succeeded, his company would have gained monopoly power in the markets for highway crack-sealing services in Montana and Wyoming; and

5. The defendant's conduct occurred in and affected interstate commerce.

## PENALTY

The offense in Count 1 carries a maximum term of imprisonment of ten years, a $1,000,000 fine, up to three years of supervised release following the term of imprisonment, and a $100 special assessment.

## ANTICIPATED EVIDENCE

If this case were tried in United States District Court, the United States would prove the following:

The defendant, Nathan Nephi Zito, is the former owner and president of a paving and asphalt contractor incorporated in the State of Montana and headquartered in Billings, Montana ("Company A").  Individual 1 is the owner and president of a competing paving and asphalt contractor ("Company B") located in another state.  Company A and Company B routinely compete for the same publicly funded highway crack sealing projects and, in many instances, are the only two companies that submit bids for crack sealing projects administered by the Wyoming Department of Transportation and state departments of transportation in neighboring states.

In January 2020, the defendant called Individual 1 to propose a "strategic partnership."  Individual 1 reported the defendant's phone call to Federal Highway Administration, which notified the U.S. Department of Transportation Office of

Inspector General. With Individual 1's cooperation, the U.S. Department of Transportation Office of Inspector General recorded additional phone calls between the defendant and Individual 1 between March and October 2020.

Over the course of those calls, the defendant proposed that Company A and Company B stop competing against each other by dividing territories in Montana, Wyoming, and neighboring states. Under the terms of this proposed market-allocation agreement, Individual 1's Company B would stop bidding for publicly funded highway crack sealing projects in Montana and Wyoming and the defendant's Company A would stop bidding for such contracts in South Dakota and Nebraska. The defendant proposed that Company A pay Company B $100,000 as additional compensation for Company B's lost business in Montana and Wyoming.

From the outset, the defendant's intent in entering into an agreement with Individual 1 was to eliminate Company B as a competitor in Montana and Wyoming and thereby stabilize Company A's revenue streams and increase its margins.

The markets for highway crack sealing services in Montana and Wyoming are consolidated and a small number of firms compete for projects administered by the Montana and Wyoming state departments of transportation. There existed a dangerous probability that, had the defendant's proposed market allocation been

effectuated, Company A would have gained monopoly power in those markets. The defendant's conduct occurred in and affected interstate commerce.

DATED this 26th day of September, 2022.

>JESSE A. LASLOVICH
>United States Attorney
>
>*/s/ Bryan T. Dake*
>BRYAN T. DAKE
>Assistant U.S. Attorney
>
>U.S. DEPARTMENT OF JUSTICE
>ANTITRUST DIVISION
>
>*/s/ Jeremy M. P. Goldstein*
>JEREMY M. P. GOLDSTEIN
>Trial Attorney