**Peter F. Lacny**
DATSOPOULOS, MacDONALD & LIND, P.C.
Central Square Building
201 West Main Street, Suite 201
Missoula, Montana 59802
Telephone: (406) 728-0810
Facsimile: (406) 543-0134
Email: placny@dmllaw.com; agardnerknox@dmllaw.com

Attorney for Defendant NATHAN NEPHI ZITO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> NATHAN NEPHI ZITO, <br><br> Defendant. | Cause No.:  CR 22-113-BLG-SPW <br><br><br> **DEFENDANT'S RESPONSE TO GOVERNMENT'S SENTENCING MEMORANDUM** |

NATHAN NEPHI ZITO, by and through counsel, hereby responds to the Government's sentencing memorandum.

## The Government's Sentencing Memorandum

The government's Sentencing Memorandum cites four cases that they argue support a prison sentence. (Doc. 17 at 11). None of the cases cited are from the District of Montana. Three of the four cases appear to have had advisory guideline ranges higher than Nathan's. In the fourth case, the Defendant was a Criminal History Category II.

In *United States vs. Langan*, the defendant pleaded guilty to an antitrust crime as well as wire fraud. *Langan*'s crimes involved bid rigging and fraud in the Connecticut construction industry. The government's sentencing memorandum in that case indicates that the probation office calculated *Langan's* advisory guideline range at 33-41 months. Langan received a sentence of one year and a day, a significant variance from the PSR's guideline range as outlined by the government.

*United States vs. Aiyer* involved price fixing and bid rigging in foreign currency exchange markets. The case was prosecuted in the Southern District of New York. Aiyer was convicted at a three-week jury trial. According to the government's sentencing memorandum, the PSR calculated his guideline range at 37-46 months. Even after losing at trial,

*Aiyer* was sentenced well below the apparent guideline range to eight months in prison.

In *United States vs. Dip* (Southern District of Florida), the defendant pleaded guilty to an antitrust offense related to price fixing in the freight forwarding industry. Dip's guidelines were higher than Nathan's, at 18-24 months. Unlike Nathan, Dip was not in *Zone B* of the Sentencing Table, and his guidelines did not encourage the court to consider sentences other than imprisonment. Dip was sentenced to 18 months.

*United States vs. Diaz* involved bid rigging at real estate foreclosure sales in California. The government's sentencing memorandum showed that *Diaz* faced an advisory guideline range of 6-12 months. While *Diaz* received a minor role enhancement, *Diaz* also had a Criminal History Category of II. Nathan has no criminal history and zero criminal history points under the guidelines.

Nathan's case is distinguishable from all of the above. Nathan's advisory guideline range is lower than three of the four cases cited by the government. While Diaz's guideline range was the same as Nathan's,

Diaz also was also a criminal history category II. A full consideration of all the 3553(a) factors support probation for Nathan.

DATED this 17th day of February, 2023.

        DATSOPOULOS, MacDONALD & LIND, P.C.

By:  /s/ *Peter F. Lacny*
      Peter F. Lacny
      Attorney for Nathan Nephi Zito

*United States of America v. Nathan Nephi Zito;* Cause No.: CR 22-113-BLG-SPW  
Defendant's Response to Government's Sentencing Memorandum  
Page 4 of 5

# CERTIFICATE OF SERVICE
L.R. 5.2(b)

I, Peter F. Lacny, attorney for Defendant, hereby certifies that a copy of the Defendant's Resposne was served on these persons by the following means:

<u> 1, 2 </u> CM/ECF
<u>      </u> Hand Delivery
<u>      </u> Mail
<u>      </u> Overnight Delivery Service
<u>      </u> Fax
<u> 3,4 </u> Email

1. Clerk, U.S. District Court

2. Bryan Dake and Jeremy Goldstein, U.S. Attorney Office

3. U.S. Probation Office

4. Nathan Nephi Zito

DATED this 17th day of February, 2023.

By: <u> /s/ Peter F. Lacny </u>
Peter Lacny

*United States of America v. Nathan Nephi Zito;* Cause No.: CR 22-113-BLG-SPW
Defendant's Response to Government's Sentencing Memorandum

Page 5 of 5