IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NATHAN NEPHI ZITO,<br><br>Defendant. | CR 22-113-BLG-SPW<br><br><br><br>ORDER |

On October 14, 2022, Defendant Nathan Nephi Zito pled guilty to attempted monopolization. (Doc. 20). On March 29, 2023, this Court varied downward from the advisory guideline range and sentenced Zito to three years probation, including six months home confinement, and a $27,000 fine. (Doc. 21). The Court varied downward, despite the serious nature of the offense, based on Zito's lack of criminal history, community and family ties, and his demonstrated acceptance of responsibility. (Doc. 22).

On October 2, 2024, Zito filed a motion seeking early termination of his probation. (Doc. 31). Zito has complied with all his probationary conditions, including completion of his home confinement term and payment of all court-ordered financial obligations. (Doc. 32 at 2). Further, he has completed half of his probationary sentence. (*Id.*). Additionally, Zito argues that he is not a dangerous person or a risk to the community and nothing in his personal history would

1

require continued supervision. (*Id.* at 5). Last, Zito represents that his probation officer supports early termination. (*Id.* at 2).

The Government opposes early termination of Zito's supervision because the Court already granted Zito's leniency request by sentencing him to probation and there is no reason to grant further leniency by terminating his probation early. (Doc. 35 at 6). The Government emphasizes that Zito provides no specific burden for wanting to terminate his supervision. (*Id.*). Further, he has four remaining special conditions to follow and none of these conditions are a significant burden. (*Id.* at 7)

"After considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (quoting 18 U.S.C. § 3583(e)(1). The § 3553(a) factors are: the nature and circumstances of the offense; the history and characteristics of the defendant; the need to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care or other correction treatment in the most effective manner; the advisory Guideline range; any pertinent policy statement issued by the Sentencing Commission; sentencing disparities; and any outstanding restitution

obligations. The Court retains wide discretion in determining whether to terminate a defendant's supervised release early. *Emmett*, 749 F.3d at 819.

In light of the § 3553(a) factors, the Court agrees with the Government that the early termination of Zito's supervision is inappropriate. Zito was given leniency at sentencing when he received no prison time and only three years of probation. Granting Zito's request for early termination of probation would serve to greatly undercut the reasons the Court imposed the sentence. The Court does not see any compelling reason to give Zito further leniency. Given the serious nature of the offense and the lenient sentence, Zito must complete his entire probationary sentence.

Though the Court lauds Zito for his compliance with the terms of his supervision, the seriousness of the offense and the leniency he received at his original sentencing justify continued supervision.

Accordingly, IT IS HEREBY ORDERED that Zito's motion for early termination of supervised release (Doc. 31) is DENIED.

DATED this 29th day of October, 2024.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge